After a jury trial in the Superior Court, the defendant, Richard Ziehl, was found to be a sexually dangerous person (SDP) as defined by G. L. c. 123A, § 1, and was committed to the Massachusetts Treatment Center for a term of one day to life. On appeal, he contends that the admission in evidence of two police reports pertaining to nonsexual criminal offenses constituted prejudicial error. We affirm.
Background. The defendant's lengthy criminal history is not in dispute. It includes convictions for multiple sexual offenses, numerous failures to register as a sex offender, and a 2003 home invasion, armed assault, and assault and battery perpetrated on his female therapist at her home. At trial, the Commonwealth presented evidence, inter alia, of the defendant's prior criminal history, an expert's opinion that his pattern of behavior has shown "impulsivity and aggression toward women that is sexual in nature," expert opinion that he suffered from a statutorily-defined personality disorder, and two expert opinions that he was likely to sexually reoffend if not confined to a secure facility. The defendant countered with his own expert's opinion that he did not suffer from a statutorily-defined personality disorder, had demonstrated "control of stopping" his behavior, and was not likely to sexually reoffend. The defendant testified that he had a great deal of self-control over his actions, and denied that the assault against his therapist in 2003 was sexually motivated. The jury found the defendant sexually dangerous. This appeal ensued.
Discussion. The defendant contends that the judge erred in allowing in evidence two police reports pertaining to "non sex offenses," because they contained inadmissible hearsay. Specifically, he maintains that those reports-one regarding a 1990 assault and unarmed robbery of a female taxi driver and the other regarding the 2003 home invasion of his female therapist's residence-were incorrectly admitted in evidence and should not have been referenced by the Commonwealth's experts. We disagree.
1. Standard of review. Contrary to the defendant's claim, the issue was not preserved for appellate review. Prior to jury empanelment, the judge noted that defense counsel had mentioned a "motion to exclude convictions for non-sex offenses," and then stated, "but I did not see a motion asking me to keep out the non-sexual offenses." In response, defense counsel advised, "I think my position at this point is that ... I expect those items to come in ... in fact, as a strategic measure, I am going to be referring to them." It is clear from the context of the discussion that the "items" referenced by defense counsel were the police reports now complained of on appeal. Thus, far from objecting to the admission of the reports, defense counsel agreed to their admission for strategic reasons.[2]
After jury selection, the judge returned to the parties' motions in limine. Defense counsel stated her concern that qualified examiners included hearsay in their reports beyond what is allowed by statute. The judge heard from both parties, and then returned to defense counsel's earlier representations that she wanted to reference the alleged hearsay matters for "strategic reasons." Defense counsel indicated that the judge was correct, but expressed concern that Commonwealth witnesses might speculate that the home invasion might have escalated into a sexual assault had the therapist not armed herself with a chair to defend herself. The judge then engaged in the following exchange with the parties:
THE COURT : "So it is your belief that those statements would come in, but you are trying to prohibit the experts from surmising in some respect what events could have happened had she not armed herself with a chair? Is that a fair statement?"
[ DEFENSE COUNSEL ]: "Yes, your Honor."
THE COURT : "All right. That's the Commonwealth's understanding as well, right, of what admissible evidence is here?"
[ PROSECUTOR ]: "May I add something, your Honor?"
THE COURT : "Sure."
[ PROSECUTOR ]: "With respect to his denial of sexual intent, he does that in most of these to the [qualified examiner]. He denies any sexual intent."
THE COURT : "Okay. Well, let's focus just on this specific subject of [the defendant]'s motion. So do you agree that your experts will not surmise about what could have happened had the therapist/complaining witness not armed herself with a chair, but the statements regarding what [the defendant] says could have happened are admissible?"
[ PROSECUTOR ]: "Yes, your Honor."
THE COURT : "We're both on the same page on that?"
[ DEFENSE COUNSEL ]: "Yes."
THE COURT : "Okay. So that's the ruling as to the motion. Again, it's best if you object question to question. So I am allowing the motion with that understanding; and, again, unless the [the defendant] opens the door."
[ DEFENSE COUNSEL ]: "Yes, your Honor."
Defense counsel did not subsequently object to the admission of the testimony now contested on appeal. Thus, the record demonstrates that the defendant did not raise a specific objection to the admission of the police reports-i.e., the issue now raised on appeal. Accordingly, our review is limited to whether the alleged error created a substantial risk of a miscarriage of justice. See Commonwealth v. Fay, 467 Mass. 574, 583 n.9 (2014).
2. Analysis. The crux of the defendant's argument is that the police reports contained inadmissible hearsay and should not have been admitted in evidence because the crimes referenced therein do not meet the statutory definition of "sexual offense" within the meaning of the SDP statute. Pursuant to G. L. c. 123A, § 14(c ), where an individual has been named in an SDP petition, "police reports relating to such person's prior sexual offenses ... shall be admissible at the trial." Accordingly, our analysis turns on whether the incidents at issue in the police reports meet the statutory definition of "sexual offense" as defined in G. L. c. 123A, § 1. The statute's lengthy definition of "sexual offense" includes "any other offense, the facts of which, under the totality of the circumstances, manifest a sexual motivation or pattern of conduct or series of acts of sexually-motivated offenses." In the present case, we discern no error in the admission of the police reports.
As discussed, supra, defense counsel not only chose not to object to the admission of the reports, but also advised the judge that she intended to use the information therein as a strategic measure. Furthermore, the contents of police reports containing totem-pole hearsay are indeed admissible under the plain terms of the statute, and according to common law precedent. See McHoul, petitioner, 445 Mass. 143, 149-152 (2005). Most importantly, the 1990 and 2003 incidents could properly be viewed "under the totality of circumstances," as part of a "pattern of conduct or series of acts of sexually motivated offenses" within the meaning of G. L. c. 123A, § 1. The conduct at issue in these incidents largely mirrored the conduct in other sexual offenses perpetrated by the defendant because it encompassed violent, and seemingly random criminal behavior against females. For example, the 1990 attack of the female taxi driver contained notable similarities to the defendant's 1985 attack of a different female taxi driver. Similarly, one of the Commonwealth's experts opined that the 2003 home invasion involved "a pattern that was similar to the pattern of his sexual offenses."[3] Under such circumstances, we cannot say that the judge erred by not excluding, sua sponte, the information now challenged for the first time on appeal. Cf. Commonwealth v. Given, 441 Mass. 741, 745-746, cert. denied, 543 U.S. 948 (2004). To the contrary, the information, in the context of the specific facts at issue here, fit into the broad statutory definition of "sexual offense." As there was no error, the admission of the reports from the 1990 and 2003 crimes did not create a substantial risk of a miscarriage of justice.[4] See generally Commonwealth v. Glover, 459 Mass. 836 (2011) (where defense counsel's strategic decision was not manifestly unreasonable when made, there was no substantial risk of miscarriage of justice).
Judgment affirmed.

Our conclusion that the defendant did not object to the admission of the police reports is bolstered by the Superior Court docket, which indicates that the defendant did not file any motion to exclude the police reports.

One of the Commonwealth's experts further noted that the defendant had stated that his therapist (who was the subject of the home invasion) "had been provocative with him." The expert elaborated that the "provocative comment" concerned her because "it fit the pattern of [the defendant] feeling like women were coming onto him, which was upsetting to him in some way. And so he committed sexual assaults in the past, with that as one of the contributing factors."

For the reasons delineated herein, we likewise discern no error (much less a substantial risk of a miscarriage of justice) resulting from the admission of the qualified examiner reports containing references to the 1990 and 2003 crimes.